UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANDY SPARKS, JR. #162941,

    Plaintiff,

v

DR. CRAIG HUTCHINSON AND
SUBRINA AIKEN, RN,

    Defendants.

No. 2:16-cv-10752

HON. GERALD E. ROSEN

MAG. DAVID R. GRAND

---

Andy Sparks #162941
In Pro Per
Bellamy Creek Correctional Facility
1727 West Bluewater Hwy
Ionia, MI 48846

Ronald W. Chapman (P37603)
Chapman Law Group
Attorney for Defendant Hutchinson
1441 West Long Lake Road
Suite 310
Troy, MI 48098
(248)644-6326

Kevin R. Himebaugh (P53374)
Assistant Attorney General
Attorney for Defendant Aiken
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6343

---

**DEFENDANT AIKEN'S MOTION TO DISMISS
ON GROUNDS OF QUALIFIED IMMUNITY UNDER
<u>FED. R. CIV. P. 12(b)(6)</u>**

Defendant Subrina Aiken, through counsel, brings this motion

under Fed. R. Civ. P. 12(b)(6), and moves the Court to enter its order

granting judgment in Defendant's favor based on qualified immunity, as discussed further in Defendant's accompanying brief.

Concurrence in this motion has not been sought because Plaintiff is an incarcerated prisoner proceeding *pro se*.

                                          Respectfully submitted,

                                          Bill Schuette
                                          Attorney General

                                          */s/Kevin R. Himebaugh*
                                          Kevin R. Himebaugh
                                          Assistant Attorney General
                                          Attorney for Defendant Aiken
                                          Civil Litigation, Employment &
                                          Elections Division
                                          P.O. Box 30736
                                          Lansing, MI 48909
                                          (517) 373-6434
                                          himebaughk@michigan.gov
                                          P53374

Dated: August 3, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANDY SPARKS, JR. #162941,

    Plaintiff,

v

DR. CRAIG HUTCHINSON AND
SUBRINA AIKEN, RN,

    Defendants.

No. 2:16-cv-10752

HON. GERALD E. ROSEN

MAG. DAVID R. GRAND

---

Andy Sparks #162941
In Pro Per
Bellamy Creek Correctional Facility
1727 West Bluewater Hwy
Ionia, MI 48846

Ronald W. Chapman (P37603)
Chapman Law Group
Attorney for Defendant Hutchinson
1441 West Long Lake Road
Suite 310
Troy, MI 48098
(248)644-6326

Kevin R. Himebaugh (P53374)
Assistant Attorney General
Attorney for Defendant Aiken
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6343

/

# BRIEF IN SUPPORT OF DEFENDANT AIKEN'S MOTION TO DISMISS

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Officials sued in their individual capacities are shielded from liability when their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. Plaintiff has failed to sufficiently plead that the Defendant Aiken violated clearly established rights. Should this Court dismiss Defendant Aiken because she is entitled to qualified immunity?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>: *Pearson v. Callahan*, 555 U.S. 223 (2009)(The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known).

## STATEMENT OF FACTS

This is a civil rights action brought *pro se* under 42 U.S.C. § 1983 by Andy Lee Sparks, Jr., a prisoner confined in the Michigan Department of Corrections. Plaintiff sues Dr. Craig Hutchinson and Subrina Aiken. Dr. Hutchinson is represented by private counsel. This motion is brought on behalf of Defendant Aiken only.

According to Plaintiff, he has Hepatitis C and blood tests have indicated rapid fibrosis of the liver. Plaintiff alleges that he has not been properly treated. (R. 1, Pg ID 4.) The sole involvement attributed to Defendant Aiken is that she responded to a grievance, which is attached at exhibit D to Plaintiff's complaint. (R. 1, Pg ID 9.) As discussed below, Defendant Aiken is entitled to qualified immunity.

## ARGUMENT

This is a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotes and citation

1

omitted). Although a court must accept as true all of the allegations contained in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Dismissal should be granted "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. . . ." *Id*. at 679.

This motion and brief raises the defense of qualified immunity. "Dismissal based on qualified immunity is appropriate if the complaint fails to allege the violation of a constitutional right that is clearly established." *Jasinski v. Tyler*, 729 F.3d 531, 538 (6th Cir. 2013).

## I. Defendant Aiken is entitled to qualified immunity.

Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The Supreme Court has set forth a two-prong test for analyzing qualified immunity. First, a court must determine whether a constitutional right would have been violated on the facts alleged. If no violation is established, then the inquiry ends. If a violation is established, the second step is for a court to determine

whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that this order of decision is not inflexible. In other words, courts may now decide the issue by finding that the law was not clearly established, without first deciding the question of whether there was a violation in the first place. Regarding the second prong, a court must address the "objective legal reasonableness of an official's conduct, as measured by reference to clearly established law…." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Sixth Circuit has turned "objective legal reasonableness" into a distinct third prong of the analysis. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*).

Corrections employees "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. In order to find that a clearly

3

established right exists, "the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the state in which the action arose, or itself, so holding." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). Moreover, if officials "of reasonable competence could disagree on whether the conduct violated the plaintiff's rights," then Defendants are entitled to qualified immunity. *Caldwell v. Woodford County Chief Jailor*, 968 F.2d 595, 599 (6th Cir. 1992).

Defendant Aiken is not required to affirmatively disprove the existence of clearly established law, because "[t]he burden of convincing a court that the law was clearly established rests squarely with the plaintiff." *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999). Plaintiff "bears the ultimate burden of proof to show that the individual officers are not entitled to qualified immunity." *Garretson v. City of Madison Heights*, 407 F.3d 789, 798 (6th Cir. 2005).

Furthermore, it is insufficient that a right is clearly established in a generalized sense. That is because "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the

4

right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Because most legal rights are 'clearly established' at some level of generality, immunity would be impossible to obtain if a plaintiff were required only to cite an abstract legal principle that an official had 'clearly' violated." *Perez v. Oakland County*, 466 F.3d 416, 428 (6th Cir. 2006).

"A clearly established constitutional violation requires on-point, controlling authority or a robust consensus of cases of persuasive authority." *Ortega v. U.S. Immigration and Customs Enforcement*, 737 F.3d 435, 439 (6th Cir. 2013). Without on-point authority, only in the most obvious of cases can an official's conduct be held to be clearly unlawful. *Sample v. Bailey*, 409 F.3d 689, 698-99 (6th Cir. 2005). "Ordinarily, a Supreme Court or Sixth Circuit decision on point is necessary." *Carver v. City of Cincinnati*, 474 F.3d 283, 287 (6th Cir. 2007).

Even a liberal reading of the complaint reveals that Defendant Aiken's only involvement was with the grievance process. (R. 1, Pg ID

9.) Medical care was provided by Dr. Hutchinson, who appears to have provided a well-reasoned analysis of Plaintiff's condition. (R. 1, Pg ID 6-9.) After a thorough Step II investigation, Defendant Aiken denied Plaintiff's grievance.

But involvement in the grievance process is insufficient to impose liability. In *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006), the Sixth Circuit held that a defendant could not be held liable simply due to his involvement in responding to grievances. This rule comes from the basic requirement that liability under § 1983 requires direct involvement, and cannot be based on respondeat superior.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode,* 423 U.S. 362 (1976); *Copeland v. Machulis,* 57 F.3d 476,

481 (6th Cir. 1995). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676.

As noted above, under *Skinner, supra*, the law is clear that Defendant Aiken cannot be held liable simply because she responded to a grievance. As a nurse, Defendant Aiken had no authority to overrule Dr. Hutchinson's medical decisions and recommendations. And there are no allegations that Defendant Aiken actively interfered with Plaintiff's medical care. Consequently, Defendant Aiken is entitled to qualified immunity.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendant Aiken requests that this Court grant her motion and dismiss her from this action, with prejudice.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/Kevin R. Himebaugh*
Kevin R. Himebaugh
Assistant Attorney General
Attorneys for Defendant Aiken
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
himebaughk@michigan.gov
P53374

Dated: August 3, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such. I also mailed the foregoing paper via US Mail to all non-ECF participants.
Andy Sparks #162941
Bellamy Creek Correctional Facility
1727 West Bluewater Hwy
Ionia, MI 48846

*/s/Kevin R. Himebaugh*
Kevin R. Himebaugh
Assistant Attorney General
Attorney for Defendant Aiken

8